THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN ADMIRALTY

CASE NO.:

JMB SHIPPING ATB 220, LLC:

    Plaintiff

v.

M/V MORENA and Barge UMS 220, *in rem*,
and UNICO MARINE, *in personam*,

    Defendant.
_____/

## **VERIFIED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes JMB Shipping ATB 220, LLC ("JMB Shipping"), who for its Verified Complaint against Unico Marine, *in personam*, and the M/V MORENA and Barge UMS 220, *in rem*, alleges upon information and belief, avers the following:

### **JURISDICTION AND VENUE**

1.

This is a cause within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rules B and D

of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Admiralty Rules').

2.

Venue is proper in the Middle District of Florida because *in rem* defendants, M/V MORENA and Barge UMS 220 are or will during the pendency of this action be present within the District and because property of *in personam* defendant Unico Marine is or will during the pendency of this action be present within the District.

### PARTIES

3.

JMB Shipping was and is at all material times a company organized and operating pursuant to the laws of the State of California, with a principal business location at 205 South Martel Avenue, Los Angeles, California 90036. JMB Shipping was and is at all material times the registered owner of the M/V MORENA and Barge UMS 220.

4.

The M/V MORENA (previously named M/V MORTON S. BOUCHARD, Jr.) was and is at all material times a pusher tug of 713 gross tons bearing Official No. 1265315 and sailing under the flag of the United States.

5.

Barge UMS 220 (previously named Barge B No. 220) was and is at all material times a barge approximately 399.7' in length bearing Official No. 1087420. The MORENA and UMS 220 are designed and intended to be mated together to form an articulated tug and barge unit (hereinafter, the "Vessel").

6.

*In personam* defendant Unico Marine was and is at all material times a company organized and operating pursuant to the laws of the State of Texas with a principal business location at 3773 Richmond Avenue, Suite 565, Houston, Texas 77046.

**FACTUAL ALLEGATIONS**

7.

On or about May 12, 2021, Unico Marine entered into a Bareboat Charter Agreement (the "Agreement") wherein Unico Marine agreed to charter the Vessel (then named the MORTON S. BOUCHARD Jr. and Barge B No. 220) from the Vessel's prior owners, Tug Morton S. Bouchard Jr. Corp. and B. No. 220 Corp. *See* Bareboat Charter Agreement, attached as Exhibit A.

8.

Under the terms of the Agreement, Unico Marine agreed to bareboat or demise charter the Vessel in exchange for monthly charter hire of $6,500.00 per calendar day or part thereof for the Agreement's initial Term of six (6) months,

ending on December 31, 2021. *See* Agreement, Cl. 6. The Agreement provides that charter hire is "payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERERS to OWNERS." *Id.*

9.

During the initial Term of the Agreement, the Vessel was offered and sold at judicial auction by the U.S. Bankruptcy Court for the Southern District of Texas as an asset of Bouchard Transportation Co., Inc., the Vessel's former beneficial owner and debtor in *In re: Bouchard Transportation Co., Inc.*, Case No. 20-34682, pending in the United States Bankruptcy Court for the Southern District of Texas Houston Division (the "Bouchard Bankruptcy"). JMB Capital Partners Lending, LLC was the successful bidder in the auction of the Vessel and acquired ownership of the Vessel on or about July 26, 2021. *See* Notice of Filing Asset Purchase Agreements, Rec. Doc. 1124 in the Bouchard Bankruptcy, attached as Exhibit B; Notice of Successful Bidders and Backup Bidders With Respect to the Auction of the Debtors' Assets, Rec. Doc. 1114 in the Bouchard Bankruptcy. Attached as Exhibit C.

10.

Under Schedule 1.2 of the Asset Purchase Agreement dated July 26, 2021, JMB Capital Partners Lending, LLC, assumed the bareboat charter agreements

between Unico and B. No. 220 Corp. and TUG MORTON S. BOUCHARD, JR. CORP. *See* Asset Purchase Agreement dated July 26, 2021, attached as Exhibit D. JMB Capital Partners Lending, LLC thereafter transferred ownership of the Vessel to JMB Shipping, Plaintiff in this action, who became registered owner of the Vessel on or about August 5, 2021. *See* Recorded Bill of Sale for B. No. 220 dated August 5, 2021, attached as Exhibit E and Recorded Bill of Sale for Morton S. Bouchard Jr. dated August 5, 2021 attached as Exhibit F.

11.

Section 6 of the Agreement provides that charter hire payments are payable monthly in advance on the first day of each month:

> CHARTER HIRE: For the base term and the first option period, if exercised by the CHARTERER, of this AGREEMENT, Charter Hire shall be $6,500.00 USD per calendar day or part thereof, payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERER TO OWNERS, commencing on the date of delivery of the VESSEL to CHARTERER.
>
>    *     *     *
>
> (a) The CHARTERER shall pay hire due to OWNERS punctually in accordance with the terms of this AGREEMENT. If the CHARTERER fails to make punctual payment of hire due, the OWNERS shall give the CHARTERERS three (3) banking days written notice to rectify the failure, and when so rectified within those three banking days following the OWNERS' notice, the payment shall stand as punctual.

12.

Per the terms of the Agreement, JMB Shipping issued an invoice to Unico Marine on September 23, 2021 (Invoice No. 4) in the amount of $196,462.50 due on October 1, 2021. *See* Invoice No. 4 attached hereto as Exhibit G.

13.

No payment for the $196,462.50 outstanding charter hire amount was received by JMB Shipping by close of business on October 1, 2021. Unico Marine's failure to make timely payments of charter hire constitutes a breach and event of default under the governing Agreement.

14.

After the close of banks on October 1, 2021, JMB Shipping placed Unico Marine on notice that it was in breach of the governing Agreement due to its failure to timely pay charter hire and requesting payment of the outstanding charter hire amount within the three (3) banking day grace period and no later than Wednesday, October 6, 2021.[1] However, JMB Shipping did not receive any payment from Unico Marine as of close of banks on October 6, 2021.

15.

Clause 20 of the Agreement provides in relevant part as follows:

> **TERMINATION AND DEFAULT:** If CHARTERER shall fail to pay any charter hire due for more than three (3) banking days after the due date thereof (subject to notice and cure period)… then OWNERS

---

[1] *See* Email from Steven Shenker dated October 1, 2021, attached as Exhibit H.

may, at their option, withdraw the VESSEL from the service of the CHARTERER and terminate this AGREEMENT by giving written notice to CHARTERER, without prejudice to any claim for damages suffered or to be suffered by reason of the CHARTERER's default (including reimbursement of attorneys' fees and costs) which OWNERS might otherwise have had against CHARTERER in the absence of withdrawal; and upon giving such notice or at any time thereafter, OWNERS may retake possession of the VESSEL, wherever found, without prior demand and without legal process, and for that purpose OWNERS and/or their authorized representatives, including any court appointed custodians or substitute custodian, may enter upon any dock, pier, fleet or other premises where the VESSEL may be or may take possession thereof.

16.

Unico Marine failed to cure the default arising from non-payment of charter hire under the Agreement within three (3) banking days. Accordingly, JMB Shipping is entitled to immediate possession of the Vessel, together with such other relief to which JMB Shipping may be entitled.

**ADMIRALTY RULE D CLAIM**

17.

JMB Shipping incorporates all foregoing allegations as Admiralty Rule D allegations as if set forth herein *in extenso*.

18.

Admiralty Rule D provides:

In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions so maintainable with respect to the possession of cargo or other maritime property, and in all actions by one or more part owners against the others to obtain security for the return of the

vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

19.

Unico Marine's breach of the Agreement by failure to pay charter hire when due constitutes an event of default that entitles JMB Shipping to retake possession of the Vessel. JMB Shipping has complied with all notice, delay, and cure periods applicable under the Agreement, and has demanded immediate restoration of the Vessel to JMB Shipping's possession in accordance with the Agreement and governing law. Unico Marine has refused JMB Shipping's demand in further breach of the Agreement. Accordingly, JMB Shipping is entitled to an Order of this Court for the issuance of a Warrant of Arrest of the M/V MORENA and UMS 220 and thereafter for delivery of the Vessel into the custody and possession of JMB Shipping.

## ADMIRALTY RULE B CLAIM

20.

JMB Shipping incorporates all foregoing allegations as Admiralty Rule B allegations as if set forth herein *in extenso*.

21.

Unico Marine is indebted to JMB Shipping in the total amount of $196,462.50 for charter hire past due and owing under the Agreement. On information and belief, Unico Marine is a non-resident of this District and is not amenable to suit or service in this District but does possess property within this district subject to attachment and garnishment, *to wit*, bunkers, equipment, and other property onboard the M/V MORENA, a vessel presently within the jurisdiction of this Court, and/or funds within the possession of Unico Shipping's agents. JMB Shipping is entitled to an order of attachment and garnishment of any and all property of Unico Marine within this District.

## PRAYER FOR RELIEF

WHEREUPON, JMB Shipping ATB 220, LLC respectfully requests this Court issue an Order for the issuance of a Warrant of Arrest of the M/V MORENA and UMS 220 and thereafter for delivery of the Vessel into the custody and possession of JMB Shipping and an order of attachment and garnishment of any and all property of Unico Marine within this District.

## Certificate of Exigent Circumstances

The undersigned counsel hereby certifies exigent circumstances exist because the Vessel is expected to arrive in Port Canaveral on or around October 9, 2021 and is expected to be in port no more than twenty-four (24) hours.

Accordingly, Plaintiff respectfully requests expedited Court action to ensure timely arrest, attachment, and garnishment.

Dated:  October 8, 2021

Respectfully submitted,

*/s/ Jules V. Massee*
**JULES V. MASSEE,** FBN: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY,** FBN: 1015247
bbushway@hamiltonmillerlaw.com
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**SERVICE E-MAIL**:
JVMserve@hamiltonmillerlaw.com
Tel:  813-223-1900 / Fax:  813-223-1933
*Counsel for JMB Shipping ATB 220, LLC*

[VERIFICATION  FOLLOWING ON THE NEXT PAGE]

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **JMB SHIPPING ATB 220, LLC** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION " "** |
| | **JUDGE:** |
| **M/V MORENA and Barge UMS 220,** *in rem,* **and UNICO MARINE,** *in personam* | **MAG. JUDGE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY BY, JMB SHIPPING ATB 220, LLC THROUGH ITS AUTHORIZED AGENT,

According to 28 U.S.C. § 1746 (unsworn declaration under penalty of perjury in lieu of affidavit), JMB Shipping ATB 220, LLC through its duly authorized agent, Vikas Tandon under penalty of perjury declares as follows:

1. That he is Chief Investment Officer for the Plaintiff, JMB Shipping ATB 220, LLC.

2. That he has reviewed the above and foregoing Verified Complaint; that all of the allegations of fact therein contained are true and correct to the best of his knowledge, information, and belief; and that the exhibits attached thereto are true and correct copies of company records and other documents kept in the ordinary course of business.

3. This Declaration is executed on behalf of JMB Shipping ATB 220, LLC by a duly authorized agent of the company.

4. I declare under penalty of perjury that the forgoing is true and correct.

Executed in Los Angeles, State of California, __6__ day of October 2021.

_____
JMB Shipping ATB 220, LLC

By: __Vikas Tandon, President__