THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN ADMIRALTY

CASE NO.:  6:21-CV-01678

JMB SHIPPING ATB 220, LLC,

    Plaintiff

v.

M/V MORENA and Barge UMS 220, *in rem,*
and UNICO MARINE, *in personam*,

    Defendant.
_____/

# FIRST AMENDED VERIFIED COMPLAINT
# OF PLAINTIFF JMB SHIPPING

**NOW INTO COURT**, through undersigned counsel, comes JMB Shipping ATB 220, LLC ("JMB Shipping"), who for its First Amended Complaint against Unico Marine, *in personam*, and the M/V MORENA and Barge UMS 220, *in rem* amends and supplements its Original Verified Complaint filed on October 8, 2021 pursuant to Fed. R. Civ. P. 15(a) adding paragraphs 16-30 and supplementing paragraphs 33 and 35 as follows:

## JURISDICTION AND VENUE

1.

This is a cause within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rules B and D of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Admiralty Rules').

2.

Venue is proper in the Middle District of Florida because *in rem* defendants, M/V MORENA and Barge UMS 220 are or will during the pendency of this action be present within the District and because property of *in personam* defendant Unico Marine is or will during the pendency of this action be present within the District.

## PARTIES

3.

JMB Shipping was and is at all material times a company organized and operating pursuant to the laws of the State of California, with a principal business location at 205 South Martel Avenue, Los Angeles, California 90036. JMB Shipping was and is at all material times the registered owner of the M/V MORENA and Barge UMS 220.

4.

The M/V MORENA (previously named M/V MORTON S. BOUCHARD, Jr.) was and is at all material times a pusher tug of 713 gross tons bearing Official No. 1265315 and sailing under the flag of the United States.

5.

Barge UMS 220 (previously named Barge B No. 220) was and is at all material times a barge approximately 399.7' in length bearing Official No. 1087420. The MORENA and UMS 220 are designed and intended to be mated together to form an articulated tug and barge unit (hereinafter, the "Vessel").

6.

*In personam* defendant Unico Marine was and is at all material times a company organized and operating pursuant to the laws of the State of Texas with a principal business location at 3773 Richmond Avenue, Suite 565, Houston, Texas 77046.

**FACTUAL ALLEGATIONS**

7.

On or about May 12, 2021, Unico Marine entered into a Bareboat Charter Agreement (the "Agreement") wherein Unico Marine agreed to charter the Vessel (then named the MORTON S. BOUCHARD Jr. and Barge B No. 220) from the Vessel's prior owners, Tug Morton S. Bouchard Jr. Corp. and B. No. 220 Corp. *See* Bareboat Charter Agreement, attached as Exhibit A.

8.

Under the terms of the Agreement, Unico Marine agreed to bareboat or demise charter the Vessel in exchange for monthly charter hire of $6,500.00 per calendar day or part thereof for the Agreement's initial Term of six (6) months, ending on December 31, 2021. *See* Agreement, Cl. 6. The Agreement provides that charter hire is "payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERERS to OWNERS." *Id.*

9.

During the initial Term of the Agreement, the Vessel was offered and sold at judicial auction by the U.S. Bankruptcy Court for the Southern District of Texas as an asset of Bouchard Transportation Co., Inc., the Vessel's former beneficial owner and debtor in *In re: Bouchard Transportation Co., Inc.*, Case No. 20-34682, pending in the United States Bankruptcy Court for the Southern District of Texas Houston Division (the "Bouchard Bankruptcy"). JMB Capital Partners Lending, LLC was the successful bidder in the auction of the Vessel and acquired ownership of the Vessel on or about July 26, 2021. *See* Notice of Filing Asset Purchase Agreements in the Bouchard Bankruptcy, attached as Exhibit B; Notice of Successful Bidders and Backup Bidders With Respect to the Auction of the Debtors' Assets in the Bouchard Bankruptcy. Attached as Exhibit C.

10.

Under Schedule 1.2 of the Asset Purchase Agreement dated July 26, 2021, JMB Capital Partners Lending, LLC, assumed the bareboat charter agreements between Unico and B. No. 220 Corp. and TUG MORTON S. BOUCHARD, JR. CORP. *See* Asset Purchase Agreement dated July 26, 2021, attached as Exhibit D. JMB Capital Partners Lending, LLC thereafter transferred ownership of the Vessel to JMB Shipping, Plaintiff in this action, who became registered owner of the Vessel on or about August 5, 2021. *See* Recorded Bill of Sale for B. No. 220 dated August 5, 2021, attached as Exhibit E and Recorded Bill of Sale for Morton S. Bouchard Jr. dated August 5, 2021 attached as Exhibit F.

11.

Section 6 of the Agreement provides that charter hire payments are payable monthly in advance on the first day of each month:

> CHARTER HIRE: For the base term and the first option period, if exercised by the CHARTERER, of this AGREEMENT, Charter Hire shall be $6,500.00 USD per calendar day or part thereof, payable monthly in advance on the first day of each month, or if the 1st falls on a non-banking day, the last banking day of the previous month, by CHARTERER TO OWNERS, commencing on the date of delivery of the VESSEL to CHARTERER.
>
> ***
>
> (a) The CHARTERER shall pay hire due to OWNERS punctually in accordance with the terms of this AGREEMENT. If the CHARTERER fails to make punctual payment of hire due, the OWNERS shall give

the CHARTERERS three (3) banking days written notice to rectify the failure, and when so rectified within those three banking days following the OWNERS' notice, the payment shall stand as punctual.

12.

Per the terms of the Agreement, JMB Shipping issued an invoice to Unico Marine on September 23, 2021 (Invoice No. 4) in the amount of $196,462.50 due on October 1, 2021. *See* Invoice No. 4 attached hereto as Exhibit G.

13.

No payment for the $196,462.50 outstanding charter hire amount was received by JMB Shipping by close of business on October 1, 2021. Unico Marine's failure to make timely payments of charter hire constitutes a breach and event of default under the governing Agreement.

14.

After the close of banks on October 1, 2021, JMB Shipping placed Unico Marine on notice that it was in breach of the governing Agreement due to its failure to timely pay charter hire and requesting payment of the outstanding charter hire amount within the three (3) banking day grace period and no later than Wednesday, October 6, 2021.[1] However, JMB Shipping did not receive any payment from Unico Marine as of close of banks on October 6, 2021.

15.

Clause 20 of the Agreement provides in relevant part as follows:

---

[1] *See* Email from Steven Shenker dated October 1, 2021, attached as Exhibit H.

**TERMINATION AND DEFAULT:** If CHARTERER shall fail to pay any charter hire due for more than three (3) banking days after the due date thereof (subject to notice and cure period)… then OWNERS may, at their option, withdraw the VESSEL from the service of the CHARTERER and terminate this AGREEMENT by giving written notice to CHARTERER, without prejudice to any claim for damages suffered or to be suffered by reason of the CHARTERER's default (including reimbursement of attorneys' fees and costs) which OWNERS might otherwise have had against CHARTERER in the absence of withdrawal; and upon giving such notice or at any time thereafter, OWNERS may retake possession of the VESSEL, wherever found, without prior demand and without legal process, and for that purpose OWNERS and/or their authorized representatives, including any court appointed custodians or substitute custodian, may enter upon any dock, pier, fleet or other premises where the VESSEL may be or may take possession thereof.

### PARENT COMPANY GUARANTEE

16.

On June 14, 2021, Unico Commodities, LLC, Inc. ("Unico Commodities") entered into a Parent Company Guarantee ("Parent Guarantee") with the then-owners of the M/V MORENA and the UMS 220, B. No. 220 Corp., and Tug Morton S. Bouchard Jr. Corp. *See* Parent Guarantee attached as Exhibit I. Unico Marine is a wholly owned subsidiary of Unico Commodities. *Id*.

17.

Under the Parent Guarantee, Unico Commodities agreed *inter alia,* to guarantee the obligations of Unico Marine arising under the Agreement and to pay Owners any amounts owed by Unico Marine but not paid when due by the

relevant charter party agreement. *See* Exhibit I. The Parent Guarantee further provides that:

> If the Charter fails to pay such sums due under the Charterparties by the time required, the Owner(s) shall notify the Parent Company of such non-payment and demand in writing payment of said amount. The Parent Company shall cause such payment to be made to the respective Owner(s) within five (5) business days of receipt of such demand. Exhibit I at ¶ 3.

18.

On October 6, 2021, JMB Shipping put Unico Commodities on notice under the Parent Guarantee that its subsidiary, Unico Marine, had failed to make timely payments under the relevant Bareboat Charter Agreements for the M/V MORENA UMS 220 and the M/V BELLA and UMS 205. *See* email correspondence of Steven Shenker dated October 6, 2021 attached Exhibit J.

19.

On October 8, 2021, JMB Shipping filed before this Honorable Court its Original Verified Complaint and Motion for Issuance of a Warrant of Arrest under Supplemental Admiralty Rules D and B. (DE 1, 3). Later that same day, the Court granted the Motion for Issuance of a Warrant of Arrest, and the Clerk of Court issued a Warrant of Arrest under Supplemental Admiralty Rules D and B directing the U.S. Marshal to execute the Warrant immediately upon the M/V MORENA and UMS 220 entering the Court's jurisdiction. (DE 5).

20.

On Friday, October 8, 2021, only minutes before close of banking business hours, JMB Shipping received a wire transfer in the amount of $196,462.50 from Unico Marine. The wire transfer was closely followed by email correspondence from Riccardo Valentini of Unico Marine to counsel for JMB Shipping, stating that Unico Commodities had provided the wired funds to Unico Marine for payment of the outstanding October charter hire for the M/V MORENA and UMS 220 in fulfillment of Unico Commodities' obligations under the Parent Guarantee. *See* email correspondence from Riccardo Valentini dated October 8, 2021, attached as Exhibit K. No payment under the Parent Guarantee was made for the outstanding October charter hire for the M/V BELLA and UMS 205.

21.

JMB Shipping responded to Mr. Valentini's email advising Unico Marine that Unico Commodities' payment under the Charter Guarantee did not cure Unico Marine's breach of Cl. 6(a) of the Agreement and did not negate JMB Shipping's right under Cl. 20 of the Bareboat Charter Agreement to withdraw the M/V MORENA and UMS 220 from service and terminate the Agreement. *See* correspondence from Adelaida Ferchmin to Unico Marine dated October 8, 2021 attached as Exhibit L.

22.

Indeed the Parent Guarantee explicitly provides that JMB Shipping's rights under the Parent Guarantee are cumulative and in addition to its rights under the Bareboat Charter Agreement:

> The rights and remedies of the Owner(s) under this Guarantee shall be cumulative and not exclusive of any rights or remedies which it would otherwise have in law, in admiralty, in equity and/or under the terms of the aforementioned Charterparties, and no failure or delay by the Owner(s), in exercising any such rights shall operate as a waiver thereof, nor shall any single or partial exercise of any power or right preclude its other or further exercise or the exercise of any other power or right. See Exhibit I at ¶ 4.

Accordingly, Unico Marine continues to be in breach of the terms of the Bareboat Charter Agreement.

23.

Unico Marine's breach of the Bareboat Charter Agreement for failure to pay charter hire when due, constitutes an event of default that entitles JMB Shipping to retake possession of the M/V MORENA and UMS 220. JMB Shipping has complied with all notice, delay, and cure periods applicable under the Bareboat Charter Agreement, and has demanded immediate restoration of the Vessel to JMB Shipping's possession in accordance with the Agreement and governing law. Accordingly, as plead in its Original Verified Complaint, JMB Shipping is entitled to an Order of this Court for the issuance of a Warrant of Arrest of the M/V

MORENA and UMS 220 and thereafter for delivery of the Vessel into the custody and possession of JMB Marine.

## UNICO MARINE'S ADDITIONAL BREACHES OF THE BAREBOAT CHARTER AGREEMENT

24.

Following the October 8, 2021, issuance of the Warrant of Arrest of the M/V MORENA and UMS 220 by the Clerk of Court, JMB Shipping learned from third-party L&S Marine Services, Ltd. ("L&S"), that Unico Marine had defaulted on its invoice dated August 22, 2021, for repair services rendered to M/V MORENA. *See* L&S invoice dated August 22, 2021 attached as Exhibit M.

25.

On October 7, 2021, JMB Shipping was likewise notified by Buck Kreihs Marine Repair, LLC ("Buck Kreihs") that it was owed approximately $300,000 by Unico Marine for repairs performed on the UMS 205 in New Orleans, Louisiana and for which they are entitled to a maritime lien against the UMS 205. UMS 205 is also owned by JMB Shipping and it currently in the custody of National Maritime Services as substitute custodian under the jurisdiction of the United States District Court for the Eastern District of Louisiana following JMB Shipping's filing of a Verified Complaint and Motion for Issuance of a Warrant of Arrest in that jurisdiction on October 7, 2021. *See* Verified Complaint, Motion for Issuance of a Warrant of Arrest and Court Order for Issuance of a Warrant of

Arrest, Civ. Action No. 21-01838, pending before U.S. District Judge Susie Morgan in the U.S. District Court for the Eastern District of Louisiana attached as Exhibit N.

26.

In addition, upon information and belief, Unico Marine has also failed to pay its shipping broker, Braemar Shipping Services PLC ("Braemar"), the 2.5% brokerage fee on the monthly charter hire rate related to the M/V MORENA, the UMS 220 and other barge and tug units owned by JMB Shipping and under bareboat charter to Unico Marine. Upon information and belief, Braemar intends to seek enforcement of its maritime lien for unpaid brokerage fees against the M/V MORENA, UMS 220 and/or other JMB Shipping owned vessels under bareboat charter to Unico Marine.

27.

Unico Marine's failure to pay invoices for services rendered to vessels owned by JMB Shipping and under bareboat charter to Unico Marine, constitutes a breach of Cl. 19(a) of the Bareboat Charter Agreement which provides in relevant part as follows:

> Neither CHARTERER nor any other person shall have the right, power or authority to create, incur or permit to be placed or imposed upon the VESSEL any lien or encumbrance whatsoever. CHARTERER shall not cause or permit any lien or encumbrance against the VESSEL or any arrest or seizure or detainment of the VESSEL, and Charterer, at its sole cost and expense, shall

> immediately remove or cause to be removed any such lien, arrest, seizure or detainment, unless such claim of lien is reasonably challenged and substitute security posted to permit the release of the VESSEL from such arrest, seizure, or detainment. Any substitute security required shall be posted by CHARTERER at its sole cost and expense. During the period of any arrest, seizure or detainment as a result of CHARTERER's breach of this Article 19(a) the VESSEL shall remain fully on hire. *See* Bareboat Charter Agreement attached as Exhibit A, at Cl. 19.

28.

Unico Marine's breach of Cl. 19 of the Bareboat Charter Agreement constitutes additional grounds supporting JMB's right to seek an Order of this Court for the issuance of a Warrant of Arrest of the M/V MORENA and UMS 220 and thereafter for delivery of the Vessel into the custody and possession of JMB Marine.

29.

In addition, JMB Shipping intends to move the Court to allow it to deposit the $196,462.50 received from Unico Commodities on October 8, 2021 into the Court's registry to stand as security for payment of any third-party maritime liens which Unico Marine has improperly allowed to accrue against the M/V MORENA, UMS 220 and the M/V BELLA and UMS 205. In the alternative, JMB Shipping anticipates moving the Court for an Order requiring the funds to be held in escrow until JMB Shipping's claims against Unico Marine are fully adjudicated.

30.

As set forth in the foregoing paragraphs, Unico Marine failed to cure the default arising from non-payment of charter hire under the Agreement within three (3) banking days and has improperly allowed third-party lies to accrue against the Vessel in violation of Cl. 19 of the Agreement. Accordingly, JMB Shipping is entitled to immediate possession of the Vessel, together with such other relief to which JMB Shipping may be entitled.

## ADMIRALTY RULE D CLAIM

31.

JMB Shipping incorporates all foregoing allegations as Admiralty Rule D allegations as if set forth herein *in extenso*.

32.

Admiralty Rule D provides:

> In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions so maintainable with respect to the possession of cargo or other maritime property, and in all actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

33.

Unico Marine's breach of the Agreement by failure to pay charter hire when due and allowing maritime liens to accrue against the Vessel constitute events that entitle JMB Shipping to retake possession of the Vessel. JMB Shipping has complied with all notice, delay, and cure periods applicable under the Agreement, and has demanded immediate restoration of the Vessel to JMB Shipping's possession in accordance with the Agreement and governing law. Unico Marine has refused JMB Shipping's demand in further breach of the Agreement. Accordingly, JMB Shipping is entitled to an Order of this Court for the issuance of a Warrant of Arrest of the M/V MORENA and UMS 220 and thereafter for delivery of the Vessel into the custody and possession of JMB Shipping.

## ADMIRALTY RULE B CLAIM

34.

JMB Shipping incorporates all foregoing allegations as Admiralty Rule B allegations as if set forth herein *in extenso*.

35.

Unico Marine is indebted to JMB Shipping in the total amount of $196,462.50 for charter hire past due and owing under the Agreement. In addition, Unico Marine has improperly allowed maritime liens, in a currently unknown amount, to accrue against the Vessel. On information and belief, Unico Marine is a non-resident of this District and is not amenable to suit or service in this District

but does possess property within this district subject to attachment and garnishment, *to wit*, bunkers, equipment, and other property onboard the M/V MORENA, a vessel presently within the jurisdiction of this Court, and/or funds within the possession of Unico Shipping's agents. JMB Shipping is entitled to an order of attachment and garnishment of any and all property of Unico Marine within this District.

## PRAYER FOR RELIEF

WHEREUPON, JMB Shipping ATB 220, LLC respectfully requests that the M/V MORENA and UMS 220 remain in the custody of the Court until adjudication of JMB Shipping claims against Unico Marine is completed and thereafter, for delivery of the Vessel into the custody and possession of JMB Shipping and an order of attachment and garnishment of any and all property of Unico Marine within this District.

Dated: October 10, 2021      Respectfully submitted,

/s/ Jules V. Massee
**JULES V. MASSEE,** FBN: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY,** FBN: 1015247
bbushway@hamiltonmillerlaw.com
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**SERVICE E-MAIL**:
JVMserve@hamiltonmillerlaw.com
Tel: 813-223-1900 / Fax: 813-223-1933
*Counsel for JMB Shipping ATB 220, LLC*

# VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY BY, JMB SHIPPING ATB 220, LLC THROUGH ITS AUTHORIZED AGENT,

According to 28 U.S.C. § 1746 (unsworn declaration under penalty of perjury in lieu of affidavit), JMB Shipping ATB 220, LLC through its duly authorized agent, Vikas Tandon under penalty of perjury declares as follows:

1. That he is President for the Plaintiff, JMB Shipping ATB 220, LLC.

2. That he has reviewed the above and foregoing First Amended Complaint of Plaintiff JMB Shipping; that all of the allegations of fact therein contained are true and correct to the best of his knowledge, information, and belief; and that the exhibits attached thereto are true and correct copies of company records and other documents kept in the ordinary course of business.

3. This Declaration is executed on behalf of JMB Shipping ATB 220, LLC by a duly authorized agent of the company.

4. I declare under penalty of perjury that the forgoing is true and correct.

Executed in Los Angeles, State of California, 10th day of October 2021.

*[signature]*

JMB Shipping ATB 220, LLC

By: *Vikas Tandon, President*